FILED
2022 MAR 23 AM 11:05
CLERK
U.S. DISTRICT COURT

IN THE UNITED STATES DISTRICT COURT

DISTRICT OF UTAH, NORTHERN DIVISION

| | |
|---|---|
| CHRISTINE P., <br> Plaintiff, <br><br> vs. <br><br> KIJAKAZI, <br> Commissioner of Social Security, <br><br> Defendant. | Case No. 1:20-cv-00168-CMR <br><br> **MEMORANDUM DECISION AND ORDER** <br><br> Magistrate Judge Cecilia M. Romero |

This case is before the undersigned pursuant to consent of the parties under 28 U.S.C. §636(c) (ECF 12). Plaintiff, Christine P., seeks judicial review of the determination of the Commissioner of the Social Security Administration (the Commissioner) denying her application for disability insurance benefits (DIB). Pursuant to District of Utah Local Rule (Local Rule) 7-1(g), the court concludes that oral argument is not necessary. After careful consideration of the written briefs, the administrative record, and relevant legal authorities, the court hereby AFFIRMS the Commissioner's final decision denying Plaintiff's application for disability insurance benefits.

I. BACKGROUND

Plaintiff applied for DIB in December 2014, alleging disability as of November 2014, due to bipolar disorder and depression (Tr. 183-89, 240). Plaintiff's claim was initially denied on April 3, 2015, and upon reconsideration on June 9, 2015, and on June 26, 2017, when, following an administrative hearing, and Administrative Law Judge (ALJ) issued a decision

1

denying Plaintiff's claim for DIB (2017 Decision) (Tr. 17, 14-32).  Plaintiff appealed the denial of benefits to the Social Security Appeals Council (Appeals Council) who denied review of the 2017 Decision (Tr. 3-8).  On June 6, 2018, Plaintiff initiated an appeal in this court to which Defendant responded by filing an Unopposed Motion to Reverse and Remand (Tr. 627-28).  The court granted Defendant's request and issued an order remanding the claim back to the Commissioner for further proceedings (Tr. 625).  The Appeals Council then issued an order remanding the claim back to the ALJ and in so doing, identified errors the ALJ made with instructions to correct them (Appeals Council Order) (Tr. 632-34).  The Appeals Council Order directed the ALJ to obtain additional evidence concerning the claimant's impairments in order to complete the administrative record, give further consideration to the claimant's maximum residual functional capacity (RFC) with specific references to evidence of record in support of assessed limitations, and if warranted, obtain supplemental evidence from a vocational expert (VE) to clarify the effect of the assessed limitations on the claimant's occupational base and resolve any conflicts between the evidence provided by the VE and information in the Dictionary of Occupational Titles (DOT) (Tr. 633-34).

On July 21, 2020, the ALJ conducted a second administrative hearing (Tr. 603-21).  On August 5, 2020, the ALJ issued a decision finding Plaintiff was not disabled within the meaning of the Social Security Act (Tr. 577-86).  The ALJ's August 2020 decision (2020 Decision) is the final agency decision for purposes of judicial review.  *See* 20 C.F.R. §§404.981, 422.210(a).  This appeal followed.

## II.     STANDARD OF REVIEW

The scope of the court's review of the Commissioner's final decision is specific and

narrow. As the Supreme court recently reiterated, "[o]n judicial review, an ALJ's factual findings . . . 'shall be conclusive' if supported by 'substantial evidence.'" *Biestek v. Berryhill*, 139 S. Ct. 1148, 1153 (2019) (quoting 42 U.S.C. § 405(g)). The threshold for evidentiary sufficiency under the substantial evidence standard is "not high." *Id.* at 1154. Substantial evidence is "more than a mere scintilla"; it means only "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Id.* (quoting *Consolidated Edison Co. v. NLRB*, 305 U.S. 197, 229 (1938)). Under this deferential standard, this court may neither reweigh the evidence nor substitute its judgment for that of the ALJ. *See Hendron v. Colvin*, 767 F.3d 951, 954 (10th Cir. 2014). The doctrine of harmless error applies when "no reasonable administrative factfinder, following the correct analysis, could have resolved the factual matter in any other way." *Allen v. Barnhart*, 357 F.3d 1140, 1145 (10th Cir. 2004).

### III.    DISCUSSION

In his 2020 Decision, the ALJ followed the familiar five-step sequential evaluation process used to assess social security claims as set forth in 20 C.F.R. § 404.1520(a)(4) finding Plaintiff's severe impairments of bipolar disorder and generalized anxiety disorder did not meet or medically equal the criteria of listings 12.04 or 12.06 (Tr. 580-81). The ALJ then determined Plaintiff had the RFC to perform a full range of work with all exertional levels but with non-exertional limitations in that she was restricted to simple, routine, and repetitive tasks in a workplace free of fast-paced production requirements, only simple work-related decisions, few workplace changes, and only occasional interaction with the public and coworkers (Tr. 581). Based on this RFC, the ALJ found Plaintiff could not perform her past relevant work but determined there were jobs that existed in significant numbers in the national economy that

Plaintiff could perform including industrial sweeper cleaner (150,000 jobs), laundry laborer (40,000 jobs), and furniture cleaner (30,000 jobs) (Tr. 585-86).

Plaintiff argues the ALJ erred by failing to adequately address and correct the errors as identified by the Appeals Council (Plaintiff's Brief (Pl. Br.) (ECF 22)). Specifically, Plaintiff avers the ALJ did not give "any further consideration to the State Agency Psychological Consultant's [Dr. John Gill] opinion that Plaintiff could only 'perform-SGA level work in a setting where she can become familiar with task procedures and where coworker involvements are not overly challenging interpersonally'" (Pl. Br. 9 *citing* Tr. 584). Plaintiff also argues the ALJ erred in finding Plaintiff could perform the GED reasoning level two occupation of laundry laborer based on the Appeals Council's direction to resolve any conflicts between the VE testimony and the DOT (Pl. Br. 10).

**A. The ALJ's 2020 Decision fully accounted for Dr. Gill's opinion.**

When the Appeals Council remands a case with instructions, those instructions become legal requirements with which the ALJ is bound to comply. *Noreja v. Comm'r, SSA*, 952 F.3d 1172, 1179 (10th Cir. 2020). An ALJ violates 20 CFR §§ 404.977(b) and 416.1477(b) when he or she ignores a directive from the Appeals Council. *Id.* at 1178.

With regard to Dr. John Gill's (Dr. Gill) opinion, the Appeals Council instructed the ALJ to give further consideration to Dr. Gill's opinion that Plaintiff "could perform SGA-work in a setting where she can become familiar with task procedures and where coworker involvements are not overly challenging interpersonally" (Tr. 633). Plaintiff argues that because the ALJ assigned great weight to Dr. Gill's opinion in both the 2017 Decision (Tr. 25-26) and then again

4

in the 2020 Decision (Tr. 584) (Pl. Br. 8), the ALJ failed to follow the Appeals Council Order (Pl. Br. 9). The court disagrees.

The ALJ complied with this instruction and modified Plaintiff's RFC assessment from the 2017 Decision to reflect that Plaintiff would also have a limitation in her ability to interact with coworkers (Tr. 581). As such, the ALJ changed his RFC assessment to account for Dr. Gill's limitations, which he had failed to do in the 2017 Decision. Specifically, the ALJ changed Plaintiff's RFC assessment to account for Dr. Gill's opinion that Plaintiff could only work "where coworker involvements [were] not overly challenging interpersonally" (*See* Tr. 77 and 584) in determining Plaintiff had the RFC for "only occasional interaction with the public and co-workers" (Tr. 581). The ALJ again gave "great weight" to Dr. Gill's opinion and adjusted Plaintiff's RFC accordingly (Tr. 584). The Appeals Council Order did not require the ALJ to explicitly change his RFC finding or change the weight afforded to Dr. Gill's opinion, only that the ALJ had to support the RFC finding considering the discrepancy between the 2017 Decision RFC and Dr. Gill's opinion on coworker involvements in the work setting (Tr. 633). The court cannot find the ALJ ignored the Appeals Council's directive as the 2020 Decision explicitly modified Plaintiff's RFC assessment to fully account for Dr. Gill's opinion.

### B. Any conflict between the DOT and Plaintiff's RFC reasoning level is harmless error.

The ALJ was directed to resolve any conflicts between the VE testimony and the DOT (Tr. 634). Plaintiff argues the ALJ failed to do so as the job of laundry laborer, DOT 361. 687-010, 1991 WL 672990, conflicts with the ALJ's limitation to simple work.[1] Plaintiff asserts the

---

[1] As Plaintiff notes, the DOT job description title is actually "Assembler, Wet Wash" which Plaintiff concedes is the same as laundry laborer given that the code 361.687.010 is used (Tr. 586 and Pl. Br. 10 n.3).

5

DOT job description for laundry laborer lists the job as requiring a GED reasoning of level two, not level one which was noted in 2020 Decision. Plaintiff contends that given the inconsistency, consideration of whether there would still be a significant number of jobs existing in the national economy which Plaintiff could perform after removing the job of laundry laborer, is reserved for the ALJ and must be remanded to the Commissioner for determination (Pl. Br. 10).

With regard to the first argument, the Commissioner concedes that the ALJ incorrectly stated laundry laborer contained a GED reasoning level one, when in fact it should have been noted as a level two (Ans. Br. 6). The court agrees this is an error. However, as discussed below, the ALJ identified two other positions that have a significant number of jobs in the national economy which Plaintiff could perform given her RFC and therefore the ALJ's error amounts to harmless error (Ans. Br. 6).[2]

While the ALJ was inaccurate in stating all of the jobs identified by the VE had GED reasoning levels of one, this error is harmless as there were still a significant number of industrial sweeper cleaner and furniture cleaner jobs in the national economy which the VE testified Plaintiff was capable of performing given her functional limitations (Tr. 617-18). While Plaintiff argues the ALJ should determine what constitutes a "significant number," courts have resolved the issue of whether or not [a] job exists in significant enough numbers. *See, e.g., Raymond v. Astrue*, 621 F.3d 1269, 1274 (10th Cir. 2009) (court affirming ALJ's decision where substantial evidence showed claimant could do one of the three jobs VE had identified, and that the job

---

[2] The Commissioner also asserts that GED reasoning level two is consistent with an RFC limitation to simple tasks citing to *Hackett v. Barnett*, 395 F.3d 1168, 1176 (10th Cir. 2005) and *Stokes v. Astrue*, 274 F.App'x 675, 684 (10th Cir. 2008) (unpublished). The Commissioner therefore argues since Plaintiff's RFC is consistent with simple tasks, in substance there was no error. However, for the reasons discussed, the court need not reach a determination on this issue given the harmless error ruling.

6

existed in significant numbers in the national economy). Here, even excluding the job of laundry laborer, the VE testified there were 180,000 jobs with a DOT GED reasoning level consistent with Plaintiff's limitations available in the national economy. *See* Tr. 617-18. The Tenth Circuit has previously held that 152,000 jobs available in the national economy was sufficiently significant. *Stokes*, 274 Fed.Appx. at 684.

The court is also not persuaded by Plaintiff's cite to *Evans v. Colvin*, No. 13-cv-001853-RBJ, 2014 WL 3860653 *at 5 (D. Colo. Aug. 6, 2014), to support her position that whether 180,000 jobs constitute a significant number is a decision for the ALJ to make on remand (Pl. Br. 13). Plaintiff cites only to the district court opinion but on appeal in *Evans*, the Tenth Circuit court recognized the *Stokes* determination that 152,000 jobs was sufficient for the application of the harmless error standard. *Evans v. Colvin*, 640 Fed.Appx. 731, 736 (10th Cir. 2016). Here, between the industrial sweeper cleaner and the furniture cleaner positions, there were 180,000 jobs that existed in the national economy which Plaintiff could perform. 180,000 is ten times more than the 18,000 jobs at issue in *Evans* and greater than the 152,000 jobs determined sufficiently significant in *Stokes*. No reasonable administrative factfinder, following the correct analysis, would have determined 180,000 was not a significant number of jobs and the court therefore finds any conflict between the DOT and Plaintiff's RFC reasoning level is harmless error.[3] *See Allen*, 357 F.3d at 1145.

## ORDER

The court finds that the ALJ's decision denying Plaintiff's disability claim was supported by substantial evidence and free of legal error. The Commissioner's final decision is therefore

---

[3] Plaintiff did not submit a reply brief to rebut Defendant's harmless error argument and the time to do so has expired. *See* ECF 24 Order Granting Extension of Time.

AFFIRMED. Judgment shall be entered in accordance with Fed. R. Civ. P. 58, consistent with the Supreme Court's decision in *Shalala v. Schaefer*, 509 U.S. 292, 296-304 (1993).

DATED this 23 March 2022.

Magistrate Judge Cecilia M. Romero
United States District Court for the District of Utah